CHESAPEAKE & O. RY. CO. v. BOSWORTH et al.

(District Court, E. D. Kentucky. December 20, 1913.)

In Equity. Suit by the Chesapeake & Ohio Railway Company against H. M. Bosworth and others, individually and as constituting the Board of Valuation and Assessment of the State of Kentucky, and others. On motion for preliminary injunction and demurrer to the bill. Demurrer overruled, and injunction granted on condition.

John T. Shelby and Robert L. Northcutt, both of Lexington, Ky., and Worthington, Cochran & Browning, of Maysville, Ky., for plaintiff.

James Garnett, Atty. Gen., and M. M. Logan, Chas. H. Morris, O. S. Hogan, and D. O. Myatt, Asst. Attys. Gen., of Kentucky, and John L. Rich, of Covington, Ky., for defendants.

COCHRAN, District Judge. This cause is before me on motion for a preliminary injunction and demurrer to the bill. It is similar in character to that of the Louisville & Nashville Railroad Company against the same defendants (209 Fed. 380), in which I have heretofore handed down an opinion, though it does not present all the questions involved therein.

There is a radical difference between the two cases in this: That in that case the board took the position that the part of complainant's capital stock in this state is proportionately of more value than the part elsewhere, whereas in the case in hand it took the reverse position. The assessment of plaintiff's franchise in this state for the year 1911 made by the board amounted to $2,743,350. The assessment complained of herein amounts to $18,798,630. It was reached in this way:

The value of the part of plaintiff's capital stock in this state was
fixed at.................................................................... $25,368,900
Deducting the assessed value of the tangible property............    6,570,270

Leaves the balance of..................................... $18,798,630

The board's record does not state the conclusions which it reached in making the assessment as to the matter regarding which the statute required it to reach, but only the automatic result of those conclusions, to wit, that the value of plaintiff's franchise in this state was the sum of $18,798,630. It is known that it fixed the value of the part of its capital stock in this state at $25,368,900, and obtained the value at which it fixed the franchise by deducting therefrom the assessed value of the tangible property in this state only, from the notice which it gave to plaintiff of the final assessment.

The grounds of attack on the assessment are that the board, after fixing the value of the capital stock, did not first deduct the value of the entire tangible property before apportioning a part thereof to this state and that it is in violation of the fourteenth amendment, in that it denied plaintiff the equal protection of the laws. The first ground is not well taken, for the reasons set forth in my opinion in the Louisville & Nashville Railroad Company Case. The second ground of attack is well taken, but it invalidates the assessment only to the extent

that the value placed on the part of the plaintiff's capital stock in this state exceeds the percentage at which other property is assessed. If, as in the Louisville & Nashville Railroad Company Case, 70 is taken as the proper percentage, the amount of the assessment on which the plaintiff should pay taxes is as follows, to wit:

70 per cent. of $25,368,900 ..................................... $17,758,230
Deduct assessed value of tangible property ..................... 6,570,270

Leaves balance of ............................................ $11,187,960
     as the value of the franchise in this state.

Deduct amount of 1911 assessment, on which taxes have been paid    2,743,350

Leaves a balance of .......................................... $ 9,444,610
     on which payment has not been made.

But the assessment is also subject to attack on the ground that the board did not enter of record or give to plaintiff notice of its conclusions in regard to the matters as to which the statute required it to reach conclusions, and, if the facts justified it, that it was in violation of the fourteenth amendment, in that it deprived plaintiff of its property without due process of law by taxing property elsewhere. Inconsistent and conflicting statements have been made in regard to these conclusions, and this case has features rendering it possible that by the assessment property elsewhere is taxed in this state. The part of plaintiff's capital stock elsewhere, both in the tangible and intangible parts, is proportionately of much more value than in this state according to the presentation made by plaintiff. The mileage in this state, though amounting to 543.1 miles, or 27.52 per cent. of the whole, contains a large portion of inferior mileage. This is shown by a comparison of the assessment thereof with the assessment of the mileage of the Illinois Central and Cincinnati, New Orleans & Texas Pacific Railroad Companies as made by the Railroad Commission. It is claimed that plaintiff has among its assets $25,000,000 of stocks and bonds, constituting no part of the unit, a part of which is apportionable to this state and not taxable here.

The plaintiff's bill is open to the construction that by the assessment complained of property elsewhere is taxed in this state; but, if such is plaintiff's position, it should be put more definitely than it is, and it would be proper to permit it to amend its bill in order that it may do so. In view of these considerations, I do not think that I should require payment of taxes on the whole of the above balance of $9,444,610 as a condition to granting the injunction sought. Yet I think that it should pay more than it has already paid. Unless, therefore, cause is shown against it, the preliminary injunction sought is granted on condition that plaintiff within 30 days from this date shall pay the taxes, state and local, for the year 1912 on the sum of $5,000,000 in addition to what it has already paid, which is slightly less than it offered to submit to before the board.

The demurrer to the bill is overruled.